IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02574-BNB

STEVEN R. WILSON,

    Applicant,

v.

PAMELA PLOUGHE,

    Respondent.

ORDER OF DISMISSAL

Applicant, Steven R. Wilson, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Arrowhead Correctional Center in Cañon City, Colorado.  Mr. Wilson, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  Mr. Wilson has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On October 24, 2013, Magistrate Judge Boyd N. Boland ordered Respondent to file a pre-answer response and address the affirmative defenses of timeliness and exhaustion of state-court remedies.  On November 22, 2013, Respondent filed a response (ECF No. 11).  On December 5, 2013, Mr. Wilson filed a reply (ECF No. 12).

The Court must construe Mr. Wilson's filings liberally because he is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's

advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Despite how he characterizes the instant habeas corpus action, Mr. Wilson is not attacking the execution of his sentence but rather the validity of his conviction and sentence.  *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . [while 28 U.S.C.] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence.").  He is not, as he tries to argue, simply attacking the denial of his parole.  He is challenging his conviction and sentence by contending he is entitled to release from his sentence because he is entitled to have his mandatory parole included within the twenty-six-year term of his incarceration.  He contends the DOC's failure to release him from his sentence violates his due process and equal protection rights.  Therefore, the Court will treat the habeas corpus application as asserted pursuant to § 2254.

Mr. Wilson previously sought habeas corpus relief in this Court pursuant to § 2254 challenging the validity of the same state court conviction and sentence in El Paso County District Court Case Number 97CR2521.  *See Wilson v. Plough*, No. 13-cv-00007-LTB (D. Colo. Apr. 18, 2013); *see also Wilson v. Estep*, No. 08-cv-00884-ZLW (D. Colo. Oct. 28, 2008).  The Court may take judicial notice of its own records and files that are part of the Court's public records.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

In No. 08-cv-00884-ZLW, the Court noted that Mr. Wilson was convicted by a jury in 1999 in El Paso County District Court Case Number 97CR2521 of attempted second-degree murder, first-degree assault, first-degree assault upon a sudden heat of

passion, first-degree sexual assault, first-degree criminal trespass, first-degree aggravated motor vehicle theft, second-degree kidnapping, and harassment. The jury found that four counts were crimes of violence. On April 13, 1999, Mr. Wilson was sentenced to a total of thirty-four years in prison.

On direct appeal, the Colorado Court of Appeals vacated the finding that the second-degree kidnapping conviction was a crime of violence, affirmed in all other respects, and remanded for resentencing on the second-degree kidnapping conviction. *See People v. Wilson*, No. 99CA1030 (Colo. Ct. App. Nov. 30, 2000) (not published). On April 23, 2001, the Colorado Supreme Court denied certiorari review. On June 15, 1992, the state trial court resentenced Mr. Wilson to twenty-six years of imprisonment. Mr. Wilson did not appeal this sentence.

Mr. Wilson's habeas corpus application in No. 08-cv-00884-ZLW was denied and the action was dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). *See* ECF Nos.18 and 23 in No. 08-cv-00884-ZLW. On March 26, 2009, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) denied Mr. Wilson a certificate of appealability, and dismissed his appeal. *See Wilson v. Estep*, No. 08-1397 (10th Cir. Mar. 26, 2009) (ECF No. 30 in No. 08-cv-00884-ZLW). Mr. Wilson noted the 2008 action in his amended habeas corpus application filed in No. 13-cv-00007-LTB. *See* ECF No. 7 at 9 in 13-cv-00007-LTB. In No. 13-cv-00007-LTB, the Court found the amended habeas corpus application filed in that case to be a second or successive application subject to the restrictions on filing a second or successive application in 28 U.S.C. § 2244(b), and dismissed the action for lack of jurisdiction.

The Court has examined the records for Nos. 08-cv-00884-ZLW and 13-cv-00007-LTB and finds that Mr. Wilson previously challenged in those cases the validity of

3

the same conviction he challenges here. Therefore, the Court finds that the instant application is a second or successive application subject to the restrictions on filing a second or successive application in § 2244(b).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Wilson must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See Case v. Hatch*, No. 731 F.3d 1015, 1026 (10th Cir. 2013); *see also In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). Section 2244 requires an applicant to pass through two gates. *Case*, 731 F.3d at 1026-27. If the circuit court finds that the applicant makes a *prima facie* showing that the application satisfied the requirements of § 2244(b), the applicant may pursue a claim in district court. *Id.* The second gate requires the applicant to back up the *prima facie* showing at the district court level with actual evidence to show he can meet this standard. *Id.* Thus, gate one is at the circuit court level where a preliminary assessment occurs based on the application, and gate two is at the district court level where a record is made and a final assessment occurs. *Id.* at 1029.

However, in the absence of a Tenth Circuit order authorizing this Court to consider a second or successive habeas corpus application, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See Cline*, 531 F.3d at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence"

4

and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Wilson does not allege that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application, although he clearly knows he must in a § 2254 action. *See* ECF No. 12 at 2, ¶ 9. Therefore, the Court either must dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251. When the claims being raised in the second or successive application clearly do not meet the statutory requirements set forth in § 2244(b)(2), "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *See id.* at 1252.

Mr. Wilson's claims that he is entitled to be released from imprisonment because he is entitled to have his mandatory parole included within the twenty-six-year term of his incarceration and the DOC's failure to release him from his sentence violates his due process and equal protection rights are not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2).

5

Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone. *See id.*

Consideration of the other relevant factors also supports this conclusion. It appears that Mr. Wilson's claims would be time-barred even if he had sought proper authorization prior to filing in this Court. In addition, it was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Wilson's claims because his prior habeas corpus action in No. 08-cv-00884-ZLW challenging the validity of the same conviction was dismissed as time-barred. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   19th   day of    February    , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court


FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   19th   day of    February    , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court